## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SHORT BARK INDUSTRIES, INC., et al.[1] | Case No. 17-11502 (KG) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' SUPPLEMENT TO MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) SCHEDULING A FINAL HEARING, AND (III) GRANTING RELATED RELIEF (Re: D.I. 9)**

Short Bark Industries, Inc., on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Supplement (the "Supplement") to the Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Scheduling a Final Hearing, and (III) Granting Related Relief (the "Cash Collateral Motion") [D.I. 9]. In support thereof, the Debtors respectfully represent as follows.

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the

---

[1] The Debtors in these jointly administered cases are Short Bark Industries, Inc. (Tax ID: 66-0655657) and EXO SBI, LLC (Tax ID: 46-5210695)).

extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. The statutory predicates for the relief requested herein are sections 105, 361, 362, 363, 364, 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2.

## Background

2. On July 10, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. As of the date hereof, no creditors' committee has been appointed.

3. Factual background relating to the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Phil Williams in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration") and is incorporated herein by reference.

4. Since the Petition Date, the Debtors have been in negotiations with their largest creditor, LSQ Funding Group, L.C. ("LSQ"), to resolve a number of potential disputes in this case. The Debtors and LSQ have agreed to an immediate financing arrangement that would allow the Debtors to pay its payroll and payroll-related obligations as required this week. The Debtors and LSQ are working on the form of a budget and proposed emergency interim order (the "Emergency Order") to finalize this financing arrangement. The Debtors intend to present that Emergency Order to the Court at the hearing scheduled in this case for July 13, 2017.

**Relief Requested**

5. The Debtors file this Supplement to the Cash Collateral Motion, and as such, request entry of the Emergency Order that will allow for immediate and necessary financing for the Debtors to make its payroll obligations for this current week.

6. The Emergency Order will entail an emergency debtor-in-possession financing agreement between the Debtors and LSQ that will permit LSQ to fund the Debtors' payroll. The Emergency Order stipulation will further provide for post-petition DIP liens and DIP superpriority claims to secure this financing, along with other typical DIP financing acknowledgements and protections for LSQ.

7. The Debtors do not have sufficient available sources of working capital or other financing to continue existing operations, including its payroll obligation. The Debtors' ability to maintain operations, including payroll, is essential to the Debtors' reorganization. The Debtors need this emergency financing to fund the payroll for this current week.

8. The Debtors and LSQ continue to discuss and negotiate a broader DIP financing facility that will allow for necessary financing for these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court allow for the Emergency Order for financing in order for the Debtors to fund their payroll obligations, and for such other and further relief this Court deems appropriate.

|  |  |
|---|---|
| Dated: July 12, 2017<br>Wilmington, Delaware | **BIELLI & KLAUDER, LLC**<br>*/s/ David M. Klauder*<br>David M. Klauder (No. 5769)<br>Nella M. Bloom (No. 5430)<br>1204 N. King Street<br>Wilmington, DE 19801<br>Phone: (302) 803-4600<br>Fax: (302) 397-2557<br>dklauder@bk-legal.com<br>nbloom@bk-legal.com<br>*Proposed Counsel for the Debtors* |