# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SHORT BARK INDUSTRIES, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11502 (KG)<br><br>(Jointly Administered)<br><br>Re:  D.I. 34 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FACTORING AND OTHER FINANCIAL ACCOMMODATIONS, (II) AUTHORIZING THE USE OF CASH COLLATERAL, (III) GRANTING LIENS AND SUPERPRIORITY CLAIMS, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors of Short Bark Industries, Inc., et al. (the "Committee"), by and through its proposed undersigned counsel, hereby files this preliminary objection (the "Objection") to Debtors' *Motion For Entry Of Interim And Final Orders (I) Authorizing Debtors To Obtain Post-Petition Factoring And Other Financial Accommodations, (II) Authorizing The Use Of Cash Collateral, (III) Granting Liens And Superpriority Claims, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief* (the "Motion"), and in support thereof respectively states as follows:

## BACKGROUND

---

[1]  The Debtors in these jointly administered cases are Short Bark Industries, Inc. (Tax ID 66-0655657) and EXO SBI, LLC (Tax ID 46-5210695)

1

1. On July 10, 2017, each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

2. On July 17, 2017, following a prior interim emergency relief, the Debtors filed the Motion requesting, <u>inter alia</u>, approval of post-petition financing and other accommodations. <u>See</u> D.I. 34.

**<u>OBJECTION</u>**

3. The Committee was appointed in the afternoon of July 17, 2017 and selected counsel less than three (3) business hours prior to the scheduled hearing on the Motion. While the Committee's professionals have had a limited time to review and analyze the relief sought in the Motion, which is a bare-bone pleading deficient of the necessary information (including the Budget and a copy of the pre-petition factoring agreement) to evaluate the appropriateness of the relief sought in the Motion, the Committee is <u>very</u> troubled with what it has reviewed thus far.

4. The Committee is deeply concerned with the allegations set forth in the Debtors' first-day affidavit, particularly as they relate to the actions of the Debtors' pre-petition factor, LSQ Funding Group, LLC ("<u>LSQ</u>"), the prior CRO (Cedar Croft Consulting Ltd.) and related parties. In the first-day affidavit, the Debtors assert that LSQ, Cedar Croft and others took actions that caused serious damage to the Debtors and diminished the likelihood of a distribution to unsecured creditors. The Debtors also assert that LSQ's liens on and security interests in the Debtors' assets are limited, and that their obligations to LSQ are approximately $3.3 million. Yet, through the Motion and the proposed interim order, the Debtors stipulate that LSQ is owed no less than $9 million on a secured basis, that its actions were and continue to be taken in good faith, and that

LSQ should be granted very broad releases and extraordinary protections, all in exchange for an extremely limited amount of post-petition financing.

5.  Based on the Committee's preliminary assessment of the Motion, the proposed financing arrangement is nothing more than LSQ's latest attempt to cure the deficiencies in pre-petition liens, enhance its collateral position through the roll-up of all of its pre-petition obligations and obtain liens and claims on substantially all of the Debtors' assets, including previously unencumbered assets.  As troubling are LSQs demands for excessive case controls, unrealistic sale milestones, onerous default provisions, unreasonable budgetary constraints, waivers of the estates' rights under sections 506(c) and 552, waivers of marshaling and like protections, all of which are unjustified at this early stage of these cases and in light of the circumstances leading up to the filing of these cases.

6.  The prepetition factoring agreement was not filed with the Bankruptcy Court.  The Committee is unable to ascertain the economics related to the pre-petition factoring arrangement, or compare it to the post-petition factoring arrangement sought through the Motion.  Thus, is it hard, if not impossible, for the Committee or the Court to evaluate appropriateness of the proposed Ratification and Amendment Agreement.

7.  While the Debtors may in fact need post-petition funding to conduct a sale process designed to maximize value for the benefit of all stakeholders, the proposed financial accommodations provided by LSQ pursuant to the Ratification and Amendment Agreement seems to cause more harm than good.

8.  Among the most egregious requests sought in the Ratification and Amendment Agreement and proposed interim order, which should not be included in the Ratification and Amendment Agreement or any interim or final DIP order, are:

- the roll-up of all pre-petition obligations, including default interest, fees, expenses, and other charges

- Superpriority Claims, DIP Liens and Prepetition Replacement Liens on all of the Debtors' assets, including previously unencumbered assets and avoidance action and proceeds thereof, as well as a pledge of all of Debtor Short Bark's equity

- sale milestones

- section 364(e) relief on the Roll-Up obligations

- payment of various LSQ fees and costs on a non-refundable basis without Bankruptcy Court or the Committee's review and approval

- payment of interest at the default rate of interest

- right to modify the post-petition financing without the Committee's or Bankruptcy Court's approval

- unconditional right to credit bid

- waiver of estates' rights under sections 506(c) and 552, and the doctrine of marshaling

- broad releases of LSQ and a plethora of related parties from any and all claims, including releases by the Debtors and waivers of the estates' rights which are not subject to the Committee's investigation period

- exclusion of the Committee professionals from the Carve-Out

- severe limitation of the Committee's ability to exercise its statutory and fiduciary duties, through the budgetary constraints and exclusion from participation in the decision making process affecting the Debtors

- truncated period for the Committee to conduct a fulsome investigation of LSQ's liens, claims and prepetition conduct

- limitation on the Debtors' and the Committee's ability to challenge an event of default and the relief sought as a result thereof

- inclusion of default provisions related to non-material events or based on defaults not identified by LSQ

- determination that pre-petition obligations are fully secured within the meaning of section 506 of the Bankruptcy Code

- reimbursement of LSQ's costs and expenses, including attorney's fees, related to any challenge brought by or on behalf of the estate, including in the event LSQ is the losing party in any such challenge

## **RESERVATION OF RIGHTS**

9. The Committee reserves all rights to raise other and further objections to the Motion, the proposed order, the Budget, the Ratification and Amendment Agreement, and any documents related thereto, at the hearing on the Motion.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that this Court deny the Motion and grant such other and further relief as is just.

*(Signature page to follow)*

| | |
|---|---|
| Dated: July 18, 2017<br>Wilmington, DE | **GELLERT SCALI BUSENKELL & BROWN, LLC**<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (DE 3933)<br>Evan W. Rassman (DE 6111)<br>1201 North Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-5800<br>Facsimile:  (302) 425-5814<br>Email: mbusenkell@gsbblaw.com<br>         erassman@gsbblaw.com<br><br>*-and-*<br><br>Mary E. Seymour, Esq.<br>Wojchich F. Jung, Esq.<br>(*Pending Admission Pro Hac Vice*)<br>Lowenstein Sandler LLP<br>One Lowenstien Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile:  (973) 597-2400<br>Email: mseymour@lowenstein.com<br>         wjung@lowenstein.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |