Ex. A

<u>**Exhibit A**</u>

[Bidding Procedures Order]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SHORT BARK INDUSTRIES, INC., <u>et al.</u>,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11502 (KG)<br><br>Jointly Administered<br><br>**Re: Docket No.** _____ |

**ORDER: (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE OF ASSETS AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 365, 503, 506, 507 and 552 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order (this "**Bidding Procedures Order**"): (i) approving bidding procedures in connection with the sale of substantially all assets of the Debtors, (ii) scheduling an auction and a hearing to consider the sale of assets, (iii) approving the form and manner of notice thereof and (iv) granting related relief; and the Court having considered

---

[1]  The Debtors in these jointly administered cases are Short Bark Industries, Inc. (Tax ID: 66-0655657) and EXO SBI, LLC (Tax ID: 46-5210695)).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

the Motion and all exhibits, objections, and other papers filed in connection therewith; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[3]

A.  This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C.  The Debtors' proposed notice of the Bidding Procedures is, under the circumstances, appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction (as defined in the Bidding Procedures), the sale of the Debtors' assets, and the Bidding Procedures to be employed in connection therewith.

D.  The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (i) the scheduling of a bid deadline, auction

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. *See* Bankruptcy Rule 7052.

and sale hearing for the sale of the Debtors' assets; and (ii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases.

        E.      The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Debtors' assets.

        F.      The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.      The Motion is granted as set forth herein.

    2.      All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

    3.      The Bidding Procedures, in substantially the form attached hereto as **Exhibit 1**, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Debtors' assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

    4.      As further described in the Bidding Procedures, the deadline for submitting Qualified Bids for the Debtors' assets is **August 25, 2017 at 5:00 p.m.** prevailing Eastern time (the "**Bid Deadline**"). No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures, provided, however, that the Debtors may, with the consent of the DIP Lender, waive one or more defects and cause a bid to be deemed a Qualified Bid.

5. The Debtors may sell their assets by conducting an Auction in accordance with the Bidding Procedures. If Qualified Bids are timely received by the Debtor in accordance with the Bidding Procedures, the Auction shall take place on **August 29, 2017 at 10:00 a.m.** prevailing Eastern time at the offices of [_____], or at such other place and time as the Debtor shall notify all Qualified Bidders and other invitees. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

6. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

7. The Auction will be conducted openly.

8. Bidding at the Auction may be transcribed or videotaped.

9. The Sale Hearing shall be held before this Court on **August 30, 2017, at _____ _.m. (prevailing Eastern Time)**, or as soon thereafter as counsel and interested parties may be heard.

10. On or before three (3) business days after entry of the Bidding Procedures Order, or as soon thereafter as such parties can be identified, the Debtor will cause a notice in substantially the form annexed hereto as **Exhibit 2** (the "**Notice of Auction and Sale Hearing**"), and a copy of the Bidding Procedures Order, to be sent, by first-class mail, postage prepaid, to the following: (a) the Office of the United States Trustee; (b) counsel to LSQ Funding Group, LLC; (c) counsel to the Committee of Unsecured Creditors; (d) all parties who are known to assert a security interest, lien, or claim in any of the Assets, if any; (e) all non-Debtor parties to the Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; (f) all other government agencies required to receive notice under the Bankruptcy Rules; and (g) all parties that have requested or that are required to receive special notice pursuant to

Bankruptcy Rule 2002.[4]  In addition to the foregoing, (a) electronic notification of this Motion, the Bidding Procedures Order and the Notice of Auction and Sale Hearing also will be posted on the Court's electronic case filing (ECF) website, http://ecf.deb.uscourts.gov.

11. On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will:  (i) serve the Notice of Auction and Sale Hearing on all known creditors of the Debtors; and (ii) subject to applicable submission deadlines, publish the Notice of Auction and Sale Hearing once in one or more publications as the Debtors deem appropriate, including but not limited to [_____] (national edition).

12. On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will serve, by first class mail or hand delivery on all non-Debtor parties to the Executory Contracts and Unexpired Leases, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases in substantially the form annexed hereto as **Exhibit 3** (the "**Notice of Assumption and Assignment**").  The Notice of Assumption and Assignment shall identify the calculation of the cure amounts that the Debtors believe must be paid to cure all prepetition defaults under the Assigned Contracts (the "**Cure Amounts**").  If the Debtors or Successful Bidder identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder or that were not set forth in the original Notice of Assumption and Assignment, the Debtors will promptly send a supplemental

---

[4] The Notice of Auction and Sale Hearing will direct parties to contact the Debtors' counsel for more information and will provide that any party in interest that wishes to obtain a copy of any related document, subject to any necessary confidentiality agreement, may make a request in writing as specified in the Notice of Auction and Sale Hearing.

notice (a "**Supplemental Notice of Assumption and Assignment**") to the applicable counterparties to such additional executory contracts and unexpired leases.[5]

13. Unless the non-Debtor party to an Executory Contract or Unexpired Lease files an objection (the "**Cure Amount/Assignment Objection**") to (a) its scheduled Cure Amount and/or (b) to the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease by the later of (i) **4:00 p.m. (prevailing Eastern Time) five (5) days prior to the Sale Hearing** or (ii) seven (7) days after service of the relevant Supplemental Notice of Assumption and Assignment (the "**Cure/Assignment Objection Deadline**") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline by (i) counsel for the Debtor, David M. Klauder, Esquire, Bielli & Klauder, LLC, 1204 N. King Street, Wilmington, DE 19801; (ii) counsel for LSQ Funding Group, LLC, Dominic E. Pacitti, Esquire, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE 19801; and (iii) counsel for the Committee, Michael Busenkill, Esquire, Gellert Scali Busenkill & Brown, LLC, 1201 North Orange Street, 3rd Floor, Wilmington, DE 19801, and Mary E. Seymour, Esquire & Wojchich F. Jung, Esquire, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07069 (collectively, the "**Bid and Objection Notice Parties**"), then such non-Debtor party should (i) be forever barred from objecting to the Cure

---

[5] The inclusion of any contract or unexpired lease of nonresidential real property on any Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment shall not be an admission by the Debtors or their estates that any such contract or unexpired lease of nonresidential real property so included is an executory contract. Nor shall the inclusion of any contract or unexpired lease of nonresidential real property on any Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment constitute an admission of liability by the Debtors or their estates or effectuate the assumption or assignment of such contract or lease of nonresidential real property, absent entry of an order of the Court approving the assumption and/or assignment of such contract or lease of nonresidential real property in conjunction or as part of any Approval Order.

Amount and from asserting any additional cure or other amounts with respect to such Executory Contract or Unexpired Lease and the Debtors shall be entitled to rely solely upon the Cure Amount and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease to the Successful Bidder or Back-Up Bidder and shall be forever barred and estopped from asserting or claiming against the Debtors, the Successful Bidder or Back-Up Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or additional conditions to assumption, assignment and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease. Notwithstanding the foregoing, as provided below, each non-Debtor party shall retain the right to object to the assumption, assignment or transfer of its Executory Contract or Unexpired Lease, based solely on the issue of whether the Successful Bidder or Back-Up Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

14. Cure Objections should set forth the cure amount being claimed by the objecting party (the "**Claimed Cure Amount**"), the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment, and the support therefor and for all other objections to assumption and assignment. Upon receipt of a Cure Amount/Assignment Objection, the Debtors may resolve any Cure Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court. In the event that the Debtors and any objecting party are unable to consensually resolve any Cure Objection no later than three (3) business days prior to the Sale Hearing, the Debtors shall request that the Court resolve such Cure Objection at (a) the Sale Hearing or (b) at such other date as the Court may designate, provided that if the subject Executory Contract or Unexpired Lease is assumed and assigned prior to resolution of any Cure Objection, the Claimed Cure Amount asserted by the

objecting party (or such lower amount as may be fixed by the Court) shall be deposited by Successful Bidder to be held in a segregated account maintained by the Debtors or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties.

15. The Debtors, the Successful Bidder or the Back-Up Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease from the list of Executory Contracts and Unexpired Leases to be assumed and assigned under the Purchase Agreement if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such contract is greater than the Cure Amount proposed by the Debtors, no later than five (5) business days following the Court's determination. The non-Debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

16. Within one (1) business day after the conclusion of the Auction, the Debtors will serve a notice identifying the Successful Bidder and Back-Up Bidder (the "**Notice**") to the non-Debtor parties to the Assigned Contracts that have been identified in such Successful Bid and Back-Up Bid. The non-Debtor parties to the Assigned Contracts may object to the assumption, assignment and/or transfer of such Assigned Contract on or before **4:00 p.m. (prevailing Eastern Time) on the date that is five (5) business days after Notice** (the "**Adequate Assurance Objection Deadline**"), and such objections shall be limited solely to the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code. The Successful Bidder or Back-Up Bidder, as the case may be, shall work with any objecting parties to resolve any disputes and/or concerns regarding the Successful Bidder or Back-Up Bidder's ability to provide adequate assurance of future performance. If,

however, any disputes cannot be resolved within five (5) business days after the Adequate Assurance Objection Deadline, either party may seek a determination from this Court solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

17. Objections to the sale of the Debtors' assets or the relief requested in the Motion (other than with respect to the conduct of the Auction) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 824 N. Market St., Wilmington, DE 19801, on or before **4:00 p.m. (prevailing Eastern Time) five (5) days prior to the Sale Hearing**, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day upon the Bid and Objection Notice Parties. Objections, if any, to the conduct of the Auction must be filed and served prior to the commencement of the Sale Hearing and must otherwise comply with the requirements above. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

18. The Notice of Auction and Sale Hearing and the Notice of Assumption, and Assignment to be issued in connection with the proposed sales of the Debtors' assets, substantially in the forms annexed hereto as **Exhibit 2** and **Exhibit 3**, respectively, are approved.

19. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest by announcement of said adjournment in open Court.

20. Except as otherwise provided in this Bidding Procedures Order, the Debtors further reserve the right (after consultation with LSQ Funding Group, LLC) as they may reasonably determine to be in the best interests of their estates, subject to conformity with the Bidding Procedures, to: (a) determine which bidders are Qualified Bidders; (b) determine which

bids are Qualified Bids; (c) determine which Qualified Bid or combination of Qualified Bids is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) remove all or a portion of the Debtors' assets from the sale; (f) waive terms and conditions set forth herein with respect to all Potential Bidders; (g) impose additional terms and conditions with respect to all Potential Bidders; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (j) modify the Bidding Procedures as the Debtors may determine to be in the best interest of their estates after consultation with LSQ Funding Group, LLC; or (k) withdraw the Motion at any time prior to the Sale Hearing with or without prejudice.

21. The Debtors may, at their sole discretion, provide a limited expense reimbursement to a Bidder, so long as (a) the Bidder is not the Successful Bidder; (b) the Bidder is not the Stalking Horse; and (c) all documentation for expenses is submitted in full to the Debtors' Chief Restructuring Officer within seven (7) days of the Auction.

22. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and Bidding Procedures Order shall be effective immediately upon its entry.

23. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Date: _____, 2017  
Wilmington, Delaware

                                        The Honorable Kevin Gross  
                                        United States Bankruptcy Judge