**Exhibit 3** (to Bidding Procedures Order)

[Notice of Assumption and Assignment]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SHORT BARK INDUSTRIES, INC., <u>et al.</u>,[1] | Case No. 17-11502 (KG) |
| Debtors. | Jointly Administered |

## NOTICE OF ASSUMPTION AND ASSIGNMENT

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On **[_____]**, 2017, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Bidding Procedures Order</u>"),[2] pursuant to sections 105(a), 363, 365, 503, 506, 507 and 552 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Rule 6004-1, in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") approving, among other things, the fixing of cure amounts (the "<u>Cure Amounts</u>") related to the Debtors' assumption, assignment and/or transfer of certain executory contracts, unexpired leases, and other agreements (the "<u>Executory Contracts and Unexpired Leases</u>") listed on **Exhibit A** annexed hereto in connection with the sale (the "<u>Sale</u>") of certain of the Debtors' assets (the "<u>Assets</u>"). The Debtors will assume, assign, and/or transfer the Executory Contracts and Unexpired Leases to the Successful Bidder or Back-Up Bidder for the Assets under the bidding procedures (the "<u>Bidding Procedures</u>") approved by the Bankruptcy Court and attached to the Bidding Procedures Order as **Exhibit 1**. A hearing to consider approval of the Sale of the Assets to the Successful Bidder or Back-Up Bidder free and clear of all liens, claims and encumbrances will be held before the Honorable Kevin Gross in the United States Bankruptcy Court District of Delaware, 824 N. Market St., Wilmington, DE 19801 on **[_____], 2017, at [___] [_].m. (prevailing Eastern Time)**, or at such other time thereafter as counsel may be heard (the "<u>Sale Hearing</u>").

2. The Debtors believe that any and all defaults (other than the filing of these Chapter 11 Cases) and actual pecuniary losses under the Executory Contracts and Unexpired Leases can be cured by the payment of the Cure Amounts listed on **Exhibit A** annexed hereto. If no amount is listed on the Notice of Assumption and Assignment with respect to an Executory Contract or Unexpired Lease, the Debtors believe that there is no Cure Amount applicable to such Executory Contract or Unexpired Lease.

---

[1] The Debtors in these jointly administered cases are Short Bark Industries, Inc. (Tax ID: 66-0655657) and EXO SBI, LLC (Tax ID: 46-5210695)).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

3. Any objections to (i) the assumption, assignment and/or transfer of an Executory Contract or Unexpired Lease, or (ii) the amount asserted as the Cure Amount (each, a "Cure Amount/Assignment Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Executory Contract or Unexpired Lease (the "Claimed Cure Amount"). In addition, if the Debtors or the Successful Bidder identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder or Back-Up Bidder not set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

4. To be considered a timely Cure Amount/Assignment Objection, the Cure Amount/Assignment Objection must be filed with the Bankruptcy Court and served upon counsel for the Debtors, David M. Klauder, Esquire, Bielli & Klauder, LLC, 1204 N. King Street, Wilmington, DE 19801; (ii) counsel for LSQ Funding Group, LC, Dominic E. Pacitti, Esquire, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE 19801; and (iii) counsel for the Unsecured Creditors' Committee, Michael Busenkill, Esquire, Gellert Scali Busenkill & Brown, LLC, 1201 North Orange Street, 3rd Floor, Wilmington, DE 19801, and Mary E. Seymour, Esquire & Wojchich F. Jung, Esquire, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07069, by the later of (i) **[_____], 2017 at 4:00 p.m.** (prevailing Eastern time) (or such later date and time as the Debtors may agree); or (ii) seven (7) days after service of the relevant Supplemental Notice of Assumption and Assignment (the "Cure/Assignment Objection Deadline").

5. If a Cure Amount/Assignment Objection is timely filed, the Debtors may, in their sole discretion, resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court. In the event that the Debtors and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection no later than three (3) business days prior to the Sale Hearing, the Debtors will request that the Court resolve such Cure Amount/Assignment Objection at (a) the Sale Hearing or (b) at such other date as the Court may designate.

6. Unless the Cure Amount/Assignment Objection is timely filed and served, the assumption, assignment and/or transfer of the applicable Executory Contracts and Unexpired Leases will proceed without further notice at the Sale Hearing.

7. Parties that fail to file and serve timely Cure Amount/Assignment Objections shall be deemed to have waived and released any and all rights to assert against the Debtors, the Successful Bidder or Back-Up Bidder cure amounts different from the Cure Amounts listed on **Exhibit A** hereto and shall be forever barred and estopped from asserting or claiming against the Debtors, the Successful Bidder or Back-Up Bidder, or any assignee of any Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Executory Contract or Unexpired Lease.

8. The Debtors, the Successful Bidder or the Back-Up Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease from the list of Executory

Contracts and Unexpired Leases to be assumed and assigned to the Successful Bidder no later than one (1) business day prior to the Sale Hearing, or, if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such contract or lease is greater than the Cure Amount proposed by the Debtors, no later than five (5) business days following the Court's determination. The non-Debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

9.  Within one (1) business day after the conclusion of the Auction, the Debtors will serve a notice identifying the Successful Bidder and Back-Up Bidder (the "Notice") to the non-Debtor parties to the Executory Contracts and Unexpired Leases that have been identified in such Successful Bid and Back-Up Bid. The Debtors propose that the non-Debtor parties to the Executory Contracts and Unexpired Leases have until 4:00 p.m. on the date that is five (5) business days after Notice (the "Adequate Assurance Objection Deadline") to object to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code. The Successful Bidder or Back-Up Bidder, as the case may be, shall work with any objecting parties to resolve any disputes and/or concerns regarding the Successful Bidder or Back-Up Bidder's ability to provide adequate assurance of future performance. If, however, any disputes cannot be resolved within three (3) business days after the Adequate Assurance Objection Deadline, either party may seek a determination from this Court solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

10. If no Cure Amounts are due under an Executory Contract or Unexpired Lease, or if the non-Debtor Party agrees to the Cure Amounts listed on Exhibit A hereto, and the non-Debtor party to the Executory Contract or Unexpired Lease does not otherwise object to the Debtors' assumption, assignment and/or transfer of the Executory Contract or Unexpired Lease, no further action needs to be taken on the part of that non-Debtor party.

11. Copies of the Bidding Procedures Order and other relevant documents can be found: (a) on the Court's website, http://ecf.deb.uscourts.gov and (b) with the Clerk of the Bankruptcy Court, 824 N. Market St., Wilmington, DE 19801.

12. The Debtors' decision to sell, assign and/or transfer to the Successful Bidder or Back-Up Bidder the Executory Contracts and Unexpired Leases is subject to Court approval and the Closing. Accordingly, absent such Closing, the Executory Contracts and Unexpired Leases shall not be deemed to be sold, assigned and/or transferred, and shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Executory Contracts and Unexpired Leases shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved). Nor shall the inclusion of any document constitute an admission of liability by the Debtors or their estates.

**BIELLI & KLAUDER, LLC**

Dated: July 20, 2017  /s/ David M. Klauder
Wilmington, Delaware David M. Klauder (No. 5769)
 Nella M. Bloom (No. 5430)
 1204 N. King Street
 Wilmington, DE 19801
 Phone: (302) 803-4600
 Fax: (302) 397-2557
 Email: dklauder@bk-legal.com
 Email: nbloom@bk-legal.com

 *Proposed Counsel to the Debtors*
 *and Debtors-In-Possession*

5

**Exhibit A** (to Notice of Assumption and Assignment)

[**Executory Contracts and Unexpired Leases**]

[To be provided]