# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SHORT BARK INDUSTRIES, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11502 (KG)<br><br>(Jointly Administered)<br><br>Related to Docket Nos. 9, 14, 23, 34 and 53 |

**THIRD INTERIM ORDER (I) AUTHORIZING DEBTORS TO OBTAIN SECURED POSTPETITION FACTORING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363(c)(2), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) AND 364(e), (II) GRANTING LIENS, SECURITY INTERESTS AND SUPERPRIORITY CLAIM, (IV) AUTHORIZING USE OF CASH COLLATERAL BY THE DEBTOR AND PROVIDING FOR ADEQUATE PROTECTION (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF**

Upon the motions and supplement [Docket Nos. 9, 14 and 34] (collectively, the "Motion") of EXO SBI, LLC ("EXO") and Short Bark Industries, Inc. ("Short Bark" and collectively with EXO, the "Debtors") in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), under sections 105, 361, 362, 363(b), 363(c)(2), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the corresponding Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"):

(A)     The Court having entered the *Emergency Interim Order (I) Authorizing Debtors to Obtain Secured Postpetition Factoring and Financing (II) Granting Liens, Security Interests*

---

[1] The Debtors in these jointly administered cases are Short Bark Industries, Inc. (Tax ID: 66-0655657) and EXO SBI, LLC (Tax ID: 46-5210695).

PHIL1 6330674v.6

*and Superpriority Claim (IV) Authorizing Use of Cash Collateral By the Debtor and Providing for Adequate Protection (V) Modifying the Automatic Stay (VI) Scheduling a Further Interim Hearing and (VII) Granting Related Relief* [Docket No. 23] (the "Interim Order") after conducting an interim hearing on the Motion on July 13, 2017 (the "Interim Hearing");

(B)    The Court having entered the *Second Interim Order (I) Authorizing Debtors to Obtain Secured Postpetition Factoring and Financing (II) Granting Liens, Security Interests and Superpriority Claim (IV) Authorizing Use of Cash Collateral By the Debtor and Providing for Adequate Protection (V) Modifying the Automatic Stay (VI) Scheduling a Further Interim Hearing and (VII) Granting Related Relief* [Docket No. 53] (the "Second Interim Order") after conducting the second interim hearing on the Motion on July 19, 2017 (the "Second Interim Hearing");

(C)    The Court having found that due and sufficient notice of the Motion and the third interim hearing on the Motion (the "Third Interim Hearing") was provided by the Debtors as set forth in paragraph 3 below, in accordance with the Bankruptcy Rules and the Local Rules; and the Court having held the Second Interim Hearing on the Motion on July 19, 2017; and the Court having considered all the pleadings filed with this Court, including any objections to the Motion; and as further stated on the record at the Interim Hearing, Second Interim Hearing and Third Interim Hearing; and upon the record made by the Debtors at the Interim Hearing, Second Interim Hearing and Third Interim Hearing; and upon the entire record of the Bankruptcy Cases; and after due deliberation and consideration and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.    The Motion is granted on a further interim basis for the period beginning upon entry of this Third Interim Order through the Final Hearing (the "Extended Interim Period") in

PHIL1 6330674v.6

accordance with the provisions of the Second Interim Order which are incorporated herein by reference. This Third Interim Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2. The Budget referenced in the Second Interim Order and the Ratification and Amendment Agreement shall be replaced with the Budget attached hereto as <u>Exhibit A</u> and shall be the Budget for the Extended Interim Period.

3. The Final Hearing to consider entry of the Final Order and final approval of the Motion is scheduled for **August 18, 2017 at 10:00 a.m.** at the United States Bankruptcy Court for the District of Delaware. If no objections to the relief sought in the Final Hearing are filed and served in accordance with this Second Interim Order, no Final Hearing may be held, and a separate Final Order may be presented by the Debtor and entered by this Court.

4. On or before August 1, 2017, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Third Interim Order and of the Final Hearing (the "<u>Final Hearing Notice</u>"), together with copies of this Third Interim Order, on: (i) the parties having been given notice of the Interim Hearing; and (ii) any party that has filed prior to such date a request for notices with this Court. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of this Court no later than **August 11, 2017 at 4:00 p.m.** prevailing Eastern time which objections shall be served so that the same are received on or before such date by: (i) counsel for the Debtors; (ii) counsel for the Committee, if any; and (iii) counsel for LSQ, and shall be filed with the Clerk of this Court, in each case to allow actual receipt of the foregoing no later than **August 11, 2017 at 4:00 p.m.** prevailing Eastern time.

~~5.~~ *See attached supplemental language*

~~5.~~ 6. This Court has and will retain jurisdiction to enforce this Third Interim Order according to its terms.

Dated: July 31, 2017

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

-4-

5. To the extent that Jerry Armstrong Consulting, LLC held as of the Petition Date a valid, enforceable, perfected unavoidable lien against Short Bark Industries, Inc. ("Valid Lien") and that the claim of Jerry Armstrong Consulting, LLC was in fact a secured claim under section 506 of the Bankruptcy Code ("Valid Secured Claim") as of the Petition Date: (a) the DIP Liens and DIP Superpriority Claims of LSQ granted under any of the interim orders shall not prime any such Valid Secured Claim and Valid Liens and (b) Jerry Armstrong Consulting LLC shall receive as

adequate protection for ~~the~~ any solely diminution in value of its interest in its collateral a replacement lien in the same priority as any valid lien ~~as~~ of the Petition Date and a 507(b) claim in the same priority as any valid lien and valid claim.

**EXHIBIT A**
Budget

SHORT BARK INDUSTRIES
DIP Budget
($000)

| | w/e 21-Jul | w/e 28-Jul | w/e 4-Aug | w/e 11-Aug | w/e 18-Aug | w/e 25-Aug | w/e 1-Sep |
|---|---|---|---|---|---|---|---|
| **Weekly Budget** | | | | | | | |
| Cash Receipts | -609 | -652 | -608 | -600 | -609 | -555 | -588 |
| | 179 | 143 | 164 | 332 | 224 | 181 | 636 |
| **Cash disbursements** | | | | | | | |
| Vendor purchases | -269 | -319 | -267 | -256 | -261 | -252 | -224 |
| Payroll and payroll taxes | -196 | -202 | -202 | -202 | -210 | -224 | -228 |
| Rent Equip/Bldg | -26 | 0 | -33 | -1 | -10 | 0 | -27 |
| Utilities | -26 | -2 | -2 | -46 | -23 | -2 | -2 |
| Travel | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Insurance | -3 | -5 | 0 | -4 | -15 | 0 | 0 |
| R&M | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Other | -7 | -2 | -8 | -6 | -10 | -6 | -16 |
| Freight | -22 | -11 | -11 | -15 | -15 | -15 | -15 |
| Contingency | -10 | -8 | -8 | -8 | -8 | -8 | -8 |
| **Net cash flow from operations** | -559 | -549 | -531 | -538 | -552 | -507 | -520 |
| **Other disbursements** | | | | | | | |
| CRO | -25 | -25 | -25 | -20 | -20 | -20 | -20 |
| Debtor's professionals | 0 | 0 | -24 | -14 | -9 | 0 | -20 |
| Lender's professionals | -20 | -20 | -20 | -20 | -20 | -20 | -20 |
| Committee's professionals | -5 | -5 | -5 | -5 | -5 | -5 | -5 |
| D&O insurance | 0 | -50 | 0 | 0 | 0 | 0 | 0 |
| Other bankruptcy costs | 0 | -2.5 | -2.5 | -2.5 | -2.5 | -2.5 | -2.5 |
| | (50) | (103) | (77) | (62) | (57) | (48) | (68) |
| **Net cash flow from operations** | (380) | (406) | (367) | (206) | (328) | (326) | 116 |
| **Net cash flow** | (430) | (509) | (444) | (268) | (385) | (374) | 49 |
| *Invoicing targets* | | | | | | | |
| Superior | 196 | 195 | 198 | 209 | 212 | 214 | 216 |
| ANA | 140 | 40 | 0 | 0 | 0 | 0 | 0 |
| ACU | 169 | 0 | 44 | 0 | 0 | 0 | 0 |
| MCCUU | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| EFRCE-Blouse | 359 | 25 | 0 | 36 | 34 | 34 | 0 |
| EFRCE-Trouser | 88 | 51 | 36 | 0 | 98 | 80 | 73 |
| | 952 | 311 | 278 | 245 | 344 | 328 | 289 |