IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SHORT BARK INDUSTRIES, INC., et al.,[1] | Case No. 17-11502 (KG) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 165 |

**ORDER: (I) APPROVING THE ASSET PURCHASE AGREEMENT BETWEEN THE DEBTORS AND THE STALKING HORSE BUYER; (II) APPROVING BIDDING PROTECTIONS AND PROCEDURES AS REQUIRED BY THE STALKING HORSE BUYER; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**"): (i) approving the asset purchase agreement (the "**APA**") between the Debtors and Holliston Holdings, LLC (the "**Stalking Horse Buyer**"), (ii) approving bidding protections and procedures as required by the Stalking Horse Buyer, and (iii) granting related relief; and the Court having considered the Motion and all exhibits, objections, and other papers filed in connection therewith; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these jointly administered cases are Short Bark Industries, Inc. (Tax ID: 66-0655657) and EXO SBI, LLC (Tax ID: 46-5210695)).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

**FOUND AND DETERMINED THAT:**[3]

A. This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C. The Debtors' proposed notice of the entry of the APA, selection of the Stalking Horse Buyer, and additional bidding protections, is under the circumstances, appropriate and reasonably calculated to provide all interested parties with timely and proper notice.

D. The Debtors have articulated good and sufficient business reasons for this Court to approve this Order.

E. The APA, selection of the Stalking Horse Buyer, and additional bidding protections as set out in the Motion are reasonably designed to maximize the value to be achieved for the Debtors' assets.

F. On August 2, 2017, this Court entered the *Order: (A) Approving Bidding Procedures in Connection with the Sale of Substantially All Assets of the Debtors (B) Scheduling an Auction and Hearing to Consider the Sale of Assets and (C) Approving the Form and Manner of Notice Thereof* [D.I. 96] (the "**Bidding Procedures Order**"). This Order supplements the Bidding Procedures Order.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. *See* Bankruptcy Rule 7052.

G.     The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is granted as set forth herein.

2.     All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.     The Debtors' selection of Holliston Holdings, LLC as the Stalking Horse Buyer is approved. The Stalking Horse Bid shall be and hereby is deemed a Qualified Bid for all purposes of the Bidding Procedures Order and the Stalking Horse Bidder shall be and hereby is deemed a Qualified Bidder for all purposes of the Bidding Procedures Order.

4.     The Break-Up Fee and the Expense Reimbursement to be provided to the Stalking Horse Buyer pursuant to the terms of the APA are approved by the Court. The Debtors are authorized to pay the Break-Up Fee and the Expense Reimbursement to the Stalking Horse Buyer pursuant to the terms of the APA and without further order of the Court, subject to, in the case of the Expense Reimbursement only, submission of an invoice by the Stalking Horse Bidder to the Debtors, the Official Committee of Unsecured Creditors (the "**Committee**") and LSQ Funding Group, LLC ("**LSQ**") (with a copy delivered simultaneously to the United States Trustee), which invoice shall include reasonable detail of the expenses included in such Expense Reimbursement and as to which the Debtors, the Committee, LSQ, and the United States Trustee shall have ten (10) days from receipt of such invoice to submit an objection.

5.     The Break-Up Fee and the Expense Reimbursement constitute an allowed administrative expense claim under sections 503 and 507 of the Bankruptcy Code in these

chapter 11 cases. Except for the Stalking Horse Buyer, no other potential bidder shall be entitled to any breakup fee, overbid fee, termination fee, expense reimbursement, or similar type of payment.

6. The initial bidding increment above the Stalking Horse Bid of $300,000.00, and subsequent bidding increments of $100,000.00 is approved. The Debtors may use these bidding increments in the bidding process and to conduct the Auction, although the Debtors may choose to change the bidding increments at the Auction in their reasonable business judgment, but only after consultation with the Committee and LSQ.

7. On or before three (3) business days after entry of this Order, or as soon thereafter as such parties can be identified, the Debtors will cause a notice of stalking horse buyer, and a copy of this Order, to be sent, by first-class mail, postage prepaid, to the following: (a) the Office of the United States Trustee; (b) counsel to LSQ Funding Group, L.L.C. ("LSQ"); (c) counsel to the Committee; (d) all parties who are known to assert a security interest, lien, or claim in any of the Assets, if any; (e) all non-Debtor parties to the Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; (f) all other government agencies required to receive notice under the Bankruptcy Rules; (g) all parties that have previously expressed an interest in purchasing or otherwise investing in the Debtors' assets; and (h) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002. In addition to the foregoing, the Debtors will: (i) serve the notice of stalking horse buyer on all known creditors of the Debtors; and (ii) subject to applicable submission deadlines, publish this notice once in one or more publications as the Debtors deem appropriate.

8. This Order is meant to supplement, not replace, the Bidding Procedures Order and all provisions of the Bidding Procedures Order not otherwise affected by this Order shall remain in full force and effect.

9. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and the Order shall be effective immediately upon its entry.

10. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Date: August 24, 2017
Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge